RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

ORIGINAL

# IN THE COURT OF APPEALS
## NINTH DISTRICT OF TEXAS AT BEAUMONT

STATE OF TEXAS          APPELLANT

vs.         Case No: 09-15-00083-CR

PHILLIP E. NORWOOD      APPELLEE

## PETITION FOR DISCRECTIONARY REVIEW

Before this Honorable Court is PHILLIP NORWOOD, your Appellee, petitioning this court to use its discretion to review their August 5, 2015 (submitted on) August 31, 2015 (Opinion Delivered) Memorandum Opinion and state as follows:

Phillip Norwood, hereinafter referred to as Appellee or Norwood, was indeed indicted for possession of a control substance with intent to deliver/manufacture; but, the indictment was linked to audio taped recordings of the State of Texas; hereinafter referred to as State or Appellant, witness, the confidential informant. If the Appellant had no tapes their would not have been an indictment and this case would not be in existence.

Appellee desire to know and to confront the informant that is the cause of him going through with being indicted, wherein is this

right under the Texas Rules of Evidence and the United States Constitution (Norwood believes that the 6th Amendment to the U.S. Constitution provide for a criminal defendant to have an absolute right to confront his/her accuser.

In April 2014, the State provided a name of Santiago Cantu as the informant but Appellee has reason to believe that such name is a false name, because Appellee, through his attorney at the time, Chip Lewis, could not find any information under that name. Appellee sought further discovery seeking the informant's background information, which Appellant failed to provide. Appellant argued that the informant's background information is in the exclusive possession of the DEA and is not in the State's possession, custody, or control and that Article 39.14(a) of the Texas Code of Criminal Procedure requires that the State produce items of discovery that are "in the possession, custody, or control of the state or any person under contract with the state."

Appellant's first argument is that the DEA and its officers and agents contracts with the state. The DEA, its officers and agents are federal law enforcement that engaged in contract with the State of Texas to conduct law enforcement business on state soil when they utilized an informant

If this court reverse and remand the trial court's ruling to dismiss the indictment then Appellee's right to confront his accuser (informant) under the constitution will be violated. If this court finds that the trial court's order violated Article 39.14(a) of the Tex. Code Crim. Proc. Ann., stating that the informant's information is not in the State's possession, custody or control or that no contract existed, then the trial court's order must be affirmed in that the State's failure to produce the informant (accuser) pursuant to the 6th Amendment is a violation of Norwood's constitutional rights. Due process under the 5th Amendment and the 14th Amendment require the State to produce the accuser before the accused (Norwood) in that Norwood may examine and cross examine the accuser based upon affidavit and testimony. The 6th Amendment supersedes Art. 39.14(a)

Norwood does not concede that the trial court's order violates article 39.14(a). Norwood failed to respond for many reasons stated in his Motion to Extend Time to File Petition for Discretionary Review, which includes, but not limited to, him being in jail, pro se status, no legal experience or education and more importantly, Norwood (Appellee) did NOT receive a copy of the State's (Appellant's) appeal brief.

and set-up sting operation on Texas, not federal, soil. Pursuant to the Uniform Commercial Code, the State contracted with the DEA, its officers and agents when the State allowed them to conduct business on their soil. Furthermore, the State officers participated in the acts that led to the arrest as well as transported Appellee to a state [funded and controlled] jail.

If the acts complained of in the indictment did not allegedly occur-on state soil but federal soil then the Appellant could not have indicted Appellee due to lack of Jurisdiction. The indictment was based on a federal operation that occurred on state soil. The State could have issued a subpeona to obtain the informant's information. Respectfully, the ruling of the trial court should be affirmed and the indictment dismissed.

Appellant further argues, secondly, that the Sixth Amendment to the United States Constitution guarantees his absolute right to confront his accuser. In this case, the indictment was based on the informant's conversation with Appellant, which was tape recorded. NOTE: The target was not Norwood but Armondo Hicks was the target. Appellee, Norwood, was "dragged" into this case because he had a brief conversation with the informant, which was recorded.

Due process of law requires the Appellant to send a copy of all filed motions, pleadings and briefs to Appellee's attorney, or, if unrepresented, to the Appellee. As of this date, Appellee never received a copy of the Appeal Brief that apparantly was filed by the State (Appellant). It appears that Norwood (Appellee) was incarcerated at Fort Bend County Jail at the time the State (Appellant) filed its brief (Fort Bend County Jail is located in Richmond, Texas) but Norwood was soon extradited to the Shelby County Jail in Memphis, Tennessee and his mail was not forwarded to Tennessee. Norwood did NOT receive the State's brief.

If the State attempts to proceed without allowing Appellee the opportunity to confront his accuser then the State will infringe on Appellee's Constitutional right. The State, who depended on the audio taped evidence of the informant to get an indictment on Appellee, cannot produce the informant. Respectfully, the indictment must be dismissed pursuant to a 6th Amendment violation.

Norwood further argues that to allow the State to use evidence of an informant to gain an indictment against him but fail to provide that discovery requesting the informant

information violates his due process rights guaranteed to him under the 5th and 14th Amendments to the United States Constitution, particularly the 14th Amendment, which applies to the States. Due process of law requires Appellee to be able to examine witnesses against him, especially his accuser.

Respectfully, the trial's court order dismissing the indictment should be affirmed to protect Appellee's 14th Amendment Due process right.

Wherefore premises considered of all of Norwood's (Appellee's) four (4) arguements herein, he respectfully prays that this Court enter its discretion and review its order reversing and remanding. Norwood prays that this Petition for Discretionary Review and/or in the alternative Petition for Reconsideration be granted and the court vacate its last ruling and affirm the trial court's order dismissing the indictment.

Phillip Norwood

Phillip E. Norwood #151116279
Shelby County Criminal Justice Center
201 Poplar Avenue
Memphis, TN 38103

PAGE 6 OF

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00083-CR
_____

THE STATE OF TEXAS, Appellant

V.

PHILLIP EDWARD NORWOOD, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 10-01-00746 CR

MEMORANDUM OPINION

Phillip Edward Norwood was indicted for possession of a controlled substance with intent to deliver/manufacture. Pursuant to a motion for disclosure filed by Norwood, the trial court ordered the State to disclose the name of its confidential informant. The State disclosed the informant's name but Norwood filed a second motion seeking information regarding the informant's background. The trial court granted the motion. When the State failed to provide this information, the trial court dismissed the indictment. In three appellate issues, the

1

State challenges the dismissal of the indictment. We reverse the trial court's order of dismissal and remand for further proceedings consistent with this opinion.

In issue three, the State contends that the trial court's dismissal of the indictment against Norwood was improper because the informant's background information is in the exclusive possession of the DEA and is not in the State's possession, custody, or control. Article 39.14(a) of the Texas Code of Criminal Procedure requires the State to produce items of discovery that are "in the possession, custody, or control of the state or any person under contract with the state." Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2014). Norwood concedes that the trial court's order violates article 39.14(a) and should be reversed.

According to the record, in March 2014, the DEA provided the State with the informant's name and the name of who to contact should further information be required. At the hearing on Norwood's second motion, defense counsel informed the trial court that attempts to gain additional information from the DEA were unsuccessful. The trial court acknowledged that the DEA had delayed the case. At a subsequent hearing, the State represented that it had also attempted to contact the DEA for further information. At yet a third hearing, the State informed the trial court that the DEA had refused to disclose the informant's background

information. The trial court stated that fault for non-compliance with the order lay with the DEA, not the State, but dismissed the indictment.

The record demonstrates that the information sought by Norwood was possessed by the DEA, not the State. Article 39.14(a) only allows the trial court to order disclosure of evidence that is in the State's possession. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a); *see also Valdez v. State*, 116 S.W.3d 94, 100 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) ("In discovery matters, the State's attorney is answerable only for evidence in his direct possession or in the possession of law enforcement agencies."). Because the trial court could not require the State to disclose evidence that was in the DEA's possession, custody, or control, dismissal of the case was improper. We sustain issue three and need not address the State's remaining issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's order dismissing the indictment against Norwood and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

·STEVE McKEITHEN<br>Chief Justice

Submitted on August 5, 2015
Opinion Delivered August 31, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

3

Mr Philip Norwood It 15116279 5-C27
201 Poplar Avenue
Shelby County Jail
Memphis Tn 38103

UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004219501
$ 00.70⁵
NOV 23 2015
MAILED FROM ZIP CODE 38103

SHELBY COUNTY

The Criminal Court Of Appeals
Clerk: Abel Acosta
Po. Box 12308 Capital Station, Austin, TX
78711

78711162308 BC05





INDIGENT INMATE